7 F.3d 1045
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Musa Ssemanda KYAMBADDE, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 92-9563.
 United States Court of Appeals, Tenth Circuit.
 Oct. 4, 1993.
 
 ORDER AND JUDGMENT[1]
 Before SEYMOUR, ANDERSON, and EBEL, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Musa Ssemanda Kyambadde, a native of Uganda, seeks review of the decision of the Bureau of Immigration Appeals (BIA) denying his petition to reopen his deportation hearing. Mr. Kyambadde was previously denied relief from deportation under 8 U.S.C.A. 1253(h)(West Supp.1993), and was refused asylum under 8 U.S.C.A. 1158(a)(West Supp.1993). The instant petition to reopen asserts that he has since become eligible for suspension of deportation under 8 U.S.C.A. 1254(a)(1)(West Supp.1993). The BIA concluded that Mr. Kyambadde failed to show that his deportation would cause him extreme hardship as required by section 1254(a), and denied his petition to reopen.
 
 
 3
 Mr. Kyambadde entered the United States legally on a travel visa in June 1985. During his visit here, President Obote's regime in Uganda was overthrown under the direction of General Tito Okello. Okello forces arrested Mr. Kyambadde's brother Sam, who had been an intelligence officer in the Obote regime. Sam has never been heard from since and is presumed dead. Okello retained power only briefly and was overthrown in a coup led by Museveni, who remains in power today.
 
 
 4
 Mr. Kyambadde overstayed his travel visa and originally sought relief from deportation under sections 1253(h) and 1158(a), which are directed to aliens claiming that they would be subject to persecution if deported. Under section 1253(h), the Attorney General is prohibited from deporting an alien if his life or freedom would be threatened in the receiving country on the bases of enumerated factors. "[T]o qualify for this entitlement to withholding of deportation, an alien must demonstrate that 'it is more likely than not that the alien would be subject to persecution' in the country to which he would be returned." INS v. Cardoza-Fonseca, 480 U.S. 421, 423 (1987). On the other hand, under section 1158(a) the Attorney General may, in her discretion, grant asylum to an alien if the alien holds a well-founded fear of persecution. The Supreme Court in Cardoza-Fonseca held that an alien's eligibility to be considered for this discretionary relief is to be evaluated under a standard more generous than the more-likely-than-not standard applied under section 1253(h). Id. at 449-50. Mr. Kyambadde's petition for relief under both of these provisions was denied and his petitions to reopen for further proceedings relevant to those statutes were also denied. See Kyambadde v. INS, 968 F.2d 20 (10th Cir.1992)(table)(text in Westlaw).
 
 
 5
 In the petition at issue here, Mr. Kyambadde asked the BIA to reopen the proceedings to consider his request for suspension of deportation pursuant to 8 U.S.C. 1254(a). Section 1254(a) grants the Attorney General discretion to suspend deportation of an alien of good moral character who has been in the United States for seven years, and whose deportation would result in extreme hardship to himself or enumerated others not relevant here. A motion to reopen will be denied unless it is sought on the basis of circumstances that have arisen subsequent to the original hearing. See INS v. Rios-Pineda, 471 U.S. 444, 446 (1985). Mr.Kyambadde was not eligible for relief under section 1254(a)(1) at the time of his prior proceedings because he had not then been in the United States for seven years. Mr. Kyambadde also asserts that his deportation would cause him extreme hardship for several reasons. First, he states that he would be subject to a real threat of imprisonment for the imputed political views of his brother Sam. He points out that all of his siblings have fled Uganda and that his elderly parents have only recently returned to die and be buried in Uganda as is their custom. He also asserts that he is susceptible to malaria, which he contracted often when in Uganda, and that he is allergic to chloroquine, the only drug that cures the disease. In addition, Mr. Kyambadde points to the strong ties he has built in his community here through his work with three churches. It is undisputed on this record that Mr. Kyambadde, who is attending seminary, has devoted his life to public service while in this country.
 
 
 6
 The BIA denied Mr. Kyambadde's petition upon determining that he had not made a prima facie showing of extreme hardship. In so doing, the BIA held that his claimed fear of persecution was irrelevant. Although the BIA did hold relevant the general conditions in Uganda, which can only be described as blood-chilling on this record, the BIA concluded that Mr. Kyambadde had not made the requisite showing that he was any more at risk than any other Ugandan living under the same or similar conditions. The BIA also considered the threat to Mr. Kyambadde's health and his contributions and ties to his community in this country, but concluded that these factors did not create the type of extreme hardship contemplated by the Act.
 
 
 7
 "Our review of [the BIA's] determination on extreme hardship is limited. So long as [the BIA] considers all the relevant factors, this court cannot second-guess the weight, if any, to be given any factor." Turri v. INS, No. 91-9525, 1993 WL 246439, at * 2 (10th Cir. July 9, 1993)(citation omitted). In the instant case, the BIA's opinion reveals that it adequately considered all the factors upon which Mr. Kyambadde rests his claim of extreme hardship except his assertion that he would be persecuted in Uganda because of his association with his brother. The BIA stated:
 
 
 8
 we have held that where an alien cannot otherwise establish the necessary hardship for suspension of deportation, a claim of persecution cannot be used to make up the deficit. Matter of Kojoory, 12 I & N Dec. 215, 220 (BIA 1967). See also Hee Yung Ahn v. INS, 651 F.2d 1285, 1288 (9th Cir.1981). Consequently, the respondent's asserted fears of persecution concerning the disappearance of his brother during the coup that briefly brought President Okella to power, which we have addressed at length previously, is irrelevant to this application now before us.
 
 
 9
 Rec., vol. I, at 4. The BIA's position in this regard has been criticized. " 'Board dicta suggest that anticipated persecution cannot be considered as hardship for [purposes of section 1254(a) ]. These dicta are unsound since the prospect of persecution seems to entail the highest degree of hardship.' " Sanchez v. INS, 707 F.2d 1523, 1529 n.12 (D.C.Cir.1983)(per curiam)(quoting 2 C. Gordon & H. Rosenfield, Immigration Law & Procedure 7.9d at 7-164 (1982)).
 
 
 10
 Even if we were to conclude that the BIA abused its discretion by holding that a claim of persecution is not relevant to an extreme hardship determination, however, we would nonetheless uphold the decision here. As the BIA has pointed out, it has considered Mr. Kyambadde's persecution claim at length in prior proceedings under sections 1158(a) and 1253(h). In the decision denying Mr. Kyambadde's previous petition to reopen, dated May 4, 1992, which this court affirmed in its unpublished disposition, the BIA specifically considered the evidence that Mr. Kyambadde relies on in the instant appeal. See rec., vol. I, at 75-77. Given the BIA's determination that this evidence failed to demonstrate a well-founded fear of persecution under the relatively generous standard of section 1158(a), we do not believe a remand is necessary to allow the BIA to consider whether the same evidence demonstrates a possibility of persecution sufficient to establish extreme hardship.
 
 
 11
 Accordingly, the decision denying Mr. Kyambadde's petition to reopen is AFFIRMED.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3